Manuel Martorell, Plaintiff and Appellant, v. Crédito y Ahorro Ponceño, Defendant and Appellee.

No. 5094. Decided February 9, 1932.

R. Rivera Zayas and F. Rodríguez Alverio for appellant. Miguel Marcos Morales for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

On the 21st of last July this Court rendered a judgment in this case reversing the judgment appealed from as regards

the validity of the mortgage foreclosure proceeding involved, and remanding the case to the proper district court for further proceedings as to the claim for damages. Mr. Justice Texidor delivered the opinion of the Court.

The defendant and appellee, Crédito y Ahorro Ponceño, has filed two motions for reconsideration. It claims in the first place that two questions it had raised, namely: lack of jurisdiction of the Supreme Court because the judgment appealed from did not appear in the record, and that the complaint failed to state facts sufficient to constitute a cause of action, were not passed upon by this Court notwithstanding the great stress laid upon them by the appellant when raising them in his brief.

The omission by this Court to discuss in its opinion all the questions argued by the parties in their briefs does not necessarily mean that the Court did not consider them. On the contrary, the presumption is that it considered them but did not deem them of sufficient importance to refer to them in its opinion. Otherwise, the opinions of the Court would become too long without any benefit either to the cause of justice or to the jurisprudence. This does not mean that such presumption can not be overcome. If it should happen that the Court actually failed to consider any material question, it would always be ready to correct the omission as soon as its attention were duly called to it.

We find from an examination of the record that it contains a copy of the judgment. Not only does the statement of the case and opinion, referred to by the appellee, appear on pages 42 to 67 of the judgment roll, ending with the words "Let judgment be entered accordingly in the proper book of the court," but on the next page the judgment itself appears, signed by the judge and attested by the secretary, followed by a copy of the notice served on the aggrieved party. It is true that instead of the expression "Let it be entered," as set out in the judgment, the word "entered" should have been used; but the separate document speaks so clearly for

itself that it justifies the assertion that a copy of the judgment appealed from was incorporated.

As regards the demurrer, it is true that it is not expressly referred to in the opinion of this Court, but it is also true that it was implicitly determined. The admission so insistently relied on by the appellee does not exist. A mere reading of the complaint leads to the conclusion that nothing was admitted by the plaintiff in the third paragraph of his complaint, since reference was made therein to the initial petition in the foreclosure proceeding brought against him by the defendant and the annulment of which he sought. His allegations regarding the amount of the partial payments actually made, as alleged by him, and which reduced the debt to $200, are to be found in the fourteenth paragraph of the complaint and do not conflict with any of the statements made by the plaintiff himself.

The other questions raised in the first motion for rehearing appear to have been considered, either expressly or impliedly, in the opinion and determined by the judgment of this Court.

The new question raised in the second motion for reconsideration, that is, the one wherein it is claimed that this Court did not acquire jurisdiction by reason of the failure to serve notice of the appeal on codefendant Margarita Rodríguez de Carmona, is without merit, because as appears from pages 61 and 62 of the judgment roll such service was made in accordance with the law. *Carrión* v. *Lawton, ante* p. 50. The notice to Juan Torres Vázquez was not necessary, as he was not a party to the action.

The motion for rehearing must be denied.